<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4366**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ALLEN WAYNE POSTON,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:09-cr-00239-RJC-1)

_____

Submitted:  January 26, 2012       Decided:  February 3, 2012

_____

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Wayne Poston pled guilty, with the benefit of a written guilty plea, to wire fraud and aiding and abetting the same, in violation of 18 U.S.C.A. § 1343 (West 2000 & Supp. 2011), and 18 U.S.C. § 2 (2006). Subsequent to the entry of his guilty plea, but prior to the imposition of sentence, Poston moved to withdraw his guilty plea. The district court denied the motion. As a result of Poston's failed motion to withdraw his guilty plea, the probation officer revised Poston's presentence report (PSR) to eliminate the three-level downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2010). This revision led to an increase in the applicable Guidelines sentencing range of from forty-one to fifty-one months to the new range of fifty-seven to seventy-one months. At sentencing, Poston objected to the loss of the acceptance-of-responsibility adjustment. The district court overruled Poston's objection but imposed a variant sentence of forty-eight months' imprisonment. As part of its explanation of sentence, the district court stated the forty-eight-month sentence "would have been in the high end of the otherwise applicable guideline range" had "the original acceptance of responsibility" downward adjustment still applied.

Poston appeals, arguing that trial counsel rendered ineffective representation when he moved to withdraw Poston's

2

guilty plea. Poston claims counsel's deficient performance prejudiced him because the loss of the acceptance-of-responsibility adjustment led to an "unduly harsh sentence."[*]

We may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To prove his ineffective assistance claim, Poston must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test, "[t]he defendant must show that there is a reasonable

---

[*] Poston's plea agreement also included an appeal waiver, in which Poston waived the right "to contest a conviction and/or sentence through an appeal or post conviction" proceeding unless the claims raised involved ineffective assistance of counsel or prosecutorial misconduct. The Government asserts the portion of Poston's appeal attacking his sentence should be dismissed based upon Poston's appeal waiver. We have carefully considered the Government's position and have concluded, because Poston argues his increased sentence was the prejudice that resulted from his counsel's alleged ineffective assistance, that Poston's sentencing argument is part of his ineffective assistance claim and falls outside the scope of his appellate waiver.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Finally, we need not address both components of the Strickland test if the defendant makes an insufficient showing as to either part of the test. Id. at 697.

We conclude Poston has failed to point to conclusive evidence on this record establishing ineffective assistance of counsel. The only prejudice Poston asserts is the loss of the acceptance-of-responsibility downward adjustment in his offense level. At the sentencing hearing, however, the district court's explanation of its sentencing judgment persuades us that it would have imposed the same sentence even if Poston's original forty-one to fifty-one month Guidelines range had remained unchanged. Thus, Poston cannot demonstrate he received a longer sentence as a result of trial counsel's motion to withdraw the guilty plea. We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4